IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW M. LEARNED,                          No. CIV.S-04-1833 EJG DAD PS

      Plaintiff,

  v.                                        <u>FINDINGS AND RECOMMENDATIONS</u>

MBNA AMERICA BANK, N.A.,

      Defendant.
_____/

      This matter came before the court on April 22, 2005, for hearing on defendant's motion to dismiss for lack of subject matter jurisdiction. Plaintiff Andrew M. Learned, proceeding pro se, appeared on his own behalf. Victor S. Patenaude appeared on behalf of defendant MBNA America Bank, N.A. Having considered all written materials submitted in connection with the motion, and after hearing oral argument, for the reasons set forth below, the undersigned will recommend that defendant's motion be granted and that this action be dismissed for lack of subject matter jurisdiction.

/////

1

**BACKGROUND**

This action arises out of dispute between plaintiff and defendant regarding a credit card debt and the resulting arbitration of that dispute.  Plaintiff, proceeding pro se, initiated this action by filing a notice of motion and motion to vacate the arbitration award pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA").  Plaintiff's motion alleged jurisdiction under the FAA.  Nonetheless, by order filed October 27, 2004, the undersigned directed plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  That order explained that "[i]t is well-established that even when a petition is brought under the [FAA], a petitioner seeking to confirm or vacate an arbitration award in federal court must establish an independent basis for federal jurisdiction." Carter v. Health Net of California, Inc., 374 F.3d 830, 833 (9th Cir. 2004)(citing cases).  Plaintiff's motion and supporting papers cited no basis for federal question jurisdiction.  Moreover, since the amount of controversy is only $40,240.82, diversity jurisdiction did not lie.

Plaintiff timely responded to the court's order to show cause.  Thereafter, defendant MBNA America Bank, N.A. filed opposition to plaintiff's motion to vacate as well as a motion to dismiss for lack of subject matter jurisdiction, although defendant did not notice the motion for hearing.  Plaintiff filed a "response" to defendant's motion.  Then, on March 14, 2005, defendant re-filed its motion to dismiss for lack of subject matter jurisdiction, noticing that motion for hearing on April 22, 2005.  Plaintiff has

1  not filed an opposition to that motion, although his "response" to
2  defendant's initial motion to dismiss (i.e., the one not noticed for
3  hearing) is responsive to defendant's arguments.  Therefore, the
4  undersigned has considered plaintiff's response filed on February 4,
5  2005, as plaintiff's opposition to the motion to dismiss pending
6  before the court.

**LEGAL STANDARDS**

8      Rule 12(b)(1) allows a party by motion to raise the defense
9  that the court lacks "jurisdiction over the subject matter" of a
10 claim.  "A motion to dismiss for lack of subject matter jurisdiction
11 may either attack the allegations of the complaint or may be made as
12 a 'speaking motion' attacking the existence of subject matter
13 jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. &
14 Electronics, 594 F.2d 730, 733 (9th Cir. 1979)(citations omitted).
15 In the latter instance, no presumption of truthfulness attaches to
16 plaintiff's allegations.  Id.  "[T]he district court is not
17 restricted to the face of the pleadings, but may review any evidence,
18 such as affidavits and testimony, to resolve factual disputes
19 concerning the existence of jurisdiction."  McCarthy v. United
20 States, 850 F.2d 558, 560 (9th Cir. 1988)(citations omitted).  The
21 burden of proof on a Rule 12(b)(1) motion is on the party asserting
22 jurisdiction.  Thornhill Publ'g Co., 594 F.2d at 733.

**ANALYSIS**

24     In opposition to defendant's motion, plaintiff asserts that
25 an independent basis for federal jurisdiction over this action exists
26 because the arbitrator manifestly disregarded plaintiff's federal due

3

process rights.  More specifically, plaintiff contends that there was in fact no arbitration agreement between the parties and that the arbitrator therefore violated due process in proceeding with the arbitration over plaintiff's objection.  The undersigned finds plaintiff's argument unpersuasive.

The court recognizes that an allegation of manifest disregard of federal law may give rise to federal question jurisdiction.  See Luong v. Circuit City Stores, 368 F.3d 1109, 1111-12 (9th Cir. 2004)(finding a federal question where the petition alleged that the arbitrator "ignored federal law as well as refused to correctly apply federal law" and included copy of arbitrator's decision as exhibit to the petition).  However, neither plaintiff's initial notice of motion and motion to vacate the arbitration award nor the memorandum of points of authorities in support thereof alleges a constitutional violation or any other question of federal law.  See Luong, 368 F.3d at 1111 ("In sum, a federal question for purposes of subject matter jurisdiction must be presented in a well-pleaded petition.").[1]  On the contrary, those initial papers as well as plaintiff's opposition to the pending motion suggest that the disagreement between the parties is a simple contract dispute.  Indeed, defendant represents that it has already filed a petition to confirm the arbitration award in state court where plaintiff presumably will have an opportunity to raise his concerns regarding

---

[1] Plaintiff, proceeding pro se, initiated this action by filing a "motion" to vacate the arbitration award.  There is no "petition" on file in this case.

4

1  whether his credit card contract included a valid arbitration
2  provision.  Thus, federal question jurisdiction is lacking.

3       Moreover, even if plaintiff had sufficiently alleged a due
4  process violation, his motion to vacate the arbitration award would
5  fail.  It is undisputed that the arbitration at issue occurred
6  through the National Arbitration Forum, a private entity.  As such
7  there was no state action giving rise to a constitutional violation.
8  See Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 138-39 (2d Cir.
9  2002)(finding a claim that compulsory arbitration requirement
10 violated a brokerage's due process rights was patently without merit
11 where the arbitrator was not a state actor); Federal Deposit Ins.
12 Corp. v. Air Florida System, Inc., 822 F.2d 833, 842 n.9 (9th Cir.
13 1987)("Although Congress, in the exercise of its commerce power, has
14 provided for some governmental regulation of private arbitration
15 agreements, we do not find in private arbitration proceedings the
16 state action requisite for a constitutional due process claim.").

17      For these reasons, the undersigned finds that plaintiff has
18 failed to meet his burden of establishing this court's jurisdiction.
19 The undersigned will therefore recommend that defendant's motion to
20 dismiss be granted.

21      Finally, in his opposition plaintiff requests that he be
22 granted additional time (i.e., thirty days) to file a petition to
23 vacate the arbitration award in state court should this court grant
24 defendant's motion to dismiss.  However, plaintiff has cited no
25 authority which would permit this court to direct the state court to
26 accommodate his request.  Further, as noted above, defendant

represents that it has commenced proceedings in state court to confirm the award.  Presumably, plaintiff will be able to raise his arguments in support of vacating the arbitration award in connection with those proceedings.  For these reasons, the court will recommend that plaintiff's request for additional time be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendant's motion to dismiss for lack of subject matter jurisdiction be granted;

2.  Plaintiff's request for additional time to file a petition to vacate arbitration award in state court be denied; and

3.  This action be dismissed in its entirety.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 22, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.prose\learned1833.f&r